UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA, )
)
)
) No. 1:05-CR-72
v. )
) Judge Curtis L. Collier
)
FREDYS RODRIGUEZ, )
)
Defendant. )

## MEMORANDUM & ORDER

Before the Court is Defendant Fredys Rodriguez's ("Defendant") Motion and Memorandum to Certify Case as Complex Pursuant to 18 U.S.C. § 3161 and/or Motion to Continue all Relevant Dates (Court File No. 30). The Government notified the Court it did not object to continuing the dates in the scheduling order, but did not otherwise respond to this motion.

Under the Speedy Trial Act, a defendant must be tried or enter a plea of guilty within seventy days "of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).[1] Section 3161(h)(8)(A)

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
  ...
  (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request

requires the Court make a finding after carefully considering and balancing multiple factors, including those factors listed in that section. These factors include whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii).

In support of his contention this case is complex, Defendant cites the following: (1) Prior to

---

of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. §§ 3161(h)(8)(A)-(C).

his present incarceration, Defendant resided in Syracuse, New York, spent significant amounts of time in New York City, and has no connections to this district; (2) all events relevant to Defendant, including his arrest, took place in the Manhattan, New York area; (3) Defendant (and his family members) speak little or no English and requires an interpreter for all attorney/client conferences; (4) Defense counsel believes he will require a Spanish-speaking investigator to investigate certain facts in the New York City area; and (5) Defendant has yet to receive any discovery specific to him although it was due on August 5, 2005 (Court File No. 30). Defendant also relies on the affidavit in support of an arrest warrant by David H. Shelton (Court File No. 30, Exh. 1) which provides the Government's theory of the case, arguing it suggests the complexity of the case that is the partial basis of his motion.

The Court finds the issues and facts enumerated by Defendant do not render this case an unusually complex one. While the prosecution will require defense counsel to investigate various facts relevant to the alleged conspiracy in a state in which he is not located, the Court finds this fact alone does not render the prosecution a complex one. Defendant is charged with one count of conspiracy to distribute five kilograms or more of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and one count of possession with the intent to distribute five kilograms or more of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (*see* Court File No. 14, Indictment). Defendant has not pointed to anything, other than the fact Defendant's alleged participation in any conspiracy took place in a location some distance from this district, that would differentiate his case from the ordinary drug conspiracy case. The Court has reviewed the affidavit in support of an arrest warrant by David H. Shelton, and finds the alleged facts as laid out therein

3

describe a traffic stop, search of a vehicle, discovery of drugs therein, and statement by a co-defendant, Teodoro Gonzalez, about a planned drug deal that led police officers to arrest Defendant in New York (Court File No. 30, Exh. 1). The Court finds nothing in these allegations that would make it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8)(B)(ii).

Therefore, the Court **DENIES** Defendant's motion to declare his case complex (Court File No. 30).

The Court also **DENIES** Defendant's alternative motion to Continue all Relevant Dates (Court File No. 30).

Counsel for Defendant states he had not received discovery from the Government prior to filing his motion, and even if it were provided prior to the scheduled motion deadline, he would not have time to analyze the information, which he expects will include taped phone conversations in Spanish and phone records, formulate appropriate defense theories, and file relevant motions. The government does not oppose such a continuance. However, it is not clear to the Court the Government actually has any discovery materials to give to the Defendant. The Court will not grant this motion based purely on speculation.

If the Government has not already done so, it is hereby **ORDERED** to produce all discovery that was due to Defendant as of August 5, 2005 (see Court File No. 25, Modified Discovery and Scheduling Order). If, after reviewing any such discovery and planning for trial, Defendant finds he will need more time to adequately prepare for trial, he may make another motion for the Court to consider at such time.

**SO ORDERED.**

**ENTER:**

/s/
CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE